UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CYNTHIA M. HERNDON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:15 CV 587 |
|  | ) |  |
| SOUTH BEND SCHOOL CORPORATION, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION AND ORDER**

Plaintiff Cynthia M. Herndon, a *pro se* plaintiff, has filed a complaint (DE # 1) seeking relief under 42 U.S.C. § 1983 along with a Motion for Leave to Proceed *In Forma Pauperis* (DE # 2). Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a

claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* District courts may look to exhibits attached to the complaint in deciding whether a complaint states a claim. *Webster v. New Lenox Sch. Dist. No. 122,* 917 F.2d 1004, 1005 (7th Cir. 1990).

Plaintiff names three defendants in her complaint and alleges that each is liable under 42 U.S.C. § 1983 for their actions surrounding a state court suit to terminate her parental rights. (DE # 1; DE # 1-1.) According to the complaint these actions have caused and enabled the Indiana Department of Child Services ("DCS") to seize plaintiff's son in violation of her constitutional rights.[1] (*Id.*) She alleges that defendant South Bend Community School Corporation ("SBCSC"), made false statements about her son and wrongfully initiated the call to DCS. (DE # 1-1 at 5.) Saint Joseph County ("County") through the acts of Judge James N. Fox, is allegedly liable for allowing this to happen through various adverse rulings. (*Id.* at 4, 7.) Plaintiff alleges that the final

---

[1] Herndon has filed a separate and currently-pending § 1983 suit against DCS for initiating the suit to terminate her parental rights. *See*, *Cynthia Herndon v. Indiana Department of Child Services*, No. 3:15-CV-96.

2

defendant, her daughter, Pat Herndon, made false accusations to DCS and conspired with DCS to gain custody of plaintiff's son. (*Id.* at 6.) For separate reasons, plaintiff fails to state a claim against each defendant and the court will address each in turn.

Plaintiff's § 1983 claim against SBCSC, a municipal school corporation, is governed by the municipal liability standards set forth in *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978). Under *Monell,* a local government may not be sued under § 1983 for an injury caused solely by its employees or agents. *Id.* at 694. Rather, "a plaintiff must show the existence of an "official policy" or other governmental custom that not only causes but is the "moving force" behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 834 (7th Cir. 2012) (citing *Estate of Sims v. Cty of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007)). Thus, SBCSC can only be held liable where there is "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Teesdale,* 690 F.3d at 834 (internal quotation marks and citation omitted).

Plaintiff's allegations against SBCSC are that a representative made "false claims" when "plaintiff was invited for parental meeting on [her son's] behavioral problems." and that the "chief representative" called DCS, who, in turn, seized her son. (DE # 1-1 at 5.) In addition to being vague and confusing, the complaint is devoid of any allegations as to whether any official SBCSC policy or custom caused and was a

3

"moving force" in the injury she alleges. Furthermore there, are no allegations that this injury was caused or ratified by an SBCSC agent with final policymaking authority. Because plaintiff's allegations cannot meet the requirements for *Monell* liability, she fails to state a claim against SBCSC.

Plaintiff's claims against the County also fail to state a claim. The only person in the complaint who is identified as a county actor is a state court judge. Plaintiff alleges that the judge's various rulings were an abuse of his discretion and authority, and thus, the County is liable. (*Id.* at 7.) Plaintiff does not list the judge as a defendant, and for good reason: "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Rather, it appears that plaintiff is attempting to use *Monell* to hold the County liable for the judges's adverse rulings against her. However, this end-run around absolute judicial immunity fails as well. For here again, she has failed to trace her injuries back to any County policy or custom which the judge was supposedly executing. Thus, there is no causal nexus between the County and any rulings she complains of. Morever, she has not sufficiently alleged that the judge was a County officer acting with final policymaking authority when he presided over her case.

Lastly, plaintiff's claims against Pat Herndon fail to state a claim as well. Ordinarily, a private citizen cannot be held liable under § 1983 which requires a state action under color of state law. *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1016 (7th Cir. 2000). However, liability can arise if a private citizen conspires with a state actor to deprive

4

the plaintiff of her constitutional rights. *Id.* In order to prevail, a plaintiff must show that: "(1) a state official and private individual(s) reached an understanding to deprive him of his constitutional rights; and (2) those individual(s) were willful participant(s) in joint activity with the State or its agents."*Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (internal citations and quotation marks omitted). While § 1983 conspiracy allegations need not be pled with particularity, *Loubser v. Thacker,* 440 F.3d 439, 442 (7th Cir. 2006), mere suspicion or bare allegations that persons have conspired against the plaintiff are not enough. *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009); *Evers v. Reak,* 21 Fed. Appx. 447, 450 (7th Cir. 2001 ("Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden.").

Plaintiff's sparse and conclusory allegations against Pat Herndon are limited to a few lines in a small paragraph. (DE # 1-1 at 6.) There, she alleges that defendant "wrongfully made false accusations to DCS on matters of seizure of my son out of spite and conspired with defendant DCS to remove my son from his home and now has custody of [my son] and plus my child support revoked without a fair hearing on 12-17-13." (*Id.*) Beyond this allegation, she offers no further factual support of the alleged conspiracy. Though plaintiff alleges the general purpose and approximate date of the conspiracy, *Loubser,* 440 F.3d at 442, there is little else that supports a plausible inference that the conspiracy existed.

The mere fact that defendant may have made baseless accusations to DCS, does not, by itself, suggest a conspiracy for § 1983. *Gramenos v. Jewel Cos., Inc., 797 F.2d 432,*

5

435 (7th Cir. 1986) ("Although private parties call on the aid of state law without the grounds to do so, when the private decision may in no way be attributed to a state rule or state decision, the private parties are not state actors.") (citation and quotation marks omitted). Furthermore, to the extent that defendant's false accusations mislead or deceived DCS, that allegation only undermines the notion she and DCS were joined in a conspiracy. *Naguib v. Illinois Dep't of Prof'l Regulation,* 986 F. Supp. 1082, 1093 (N. D. Ill. 1997). Plaintiff's complaint fails to meet the minimum standard for stating a claim of conspiracy between Pat Herndon and DCS.

For the foregoing reasons, plaintiff's complaint will be dismissed for failing to state a claim upon which relief can be granted unless plaintiff **SHOWS CAUSE** by June 8, 2016 why this action should not be dismissed. *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir.2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

                                              **SO ORDERED.**

Date: May 12, 2016

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT