UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CYNTHIA M. HERNDON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:15 CV 587 |
|  | ) |  |
| SOUTH BEND SCHOOL CORPORATION, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Cynthia Herndon, a *pro se* plaintiff, has filed a complaint (DE # 1) seeking relief under 42 U.S.C. § 1983 along with a Motion for Leave to Proceed *In Forma Pauperis* (DE # 2). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court screened the complaint and explained why it believed that the complaint failed to state a claim upon which relief could be granted. (DE # 7.) Provided with the court's reasoning, plaintiff was ordered to show cause why the complaint should not be dismissed. (*Id.*)

Plaintiff has responded by filing an amended complaint (DE # 8.) Plaintiff's original complaint named three defendants, South Bend Community School Corporation ("SBCSC"), Saint Joseph County, Indiana ("County") and Pat Herndon. (DE # 1 at 2.) In addition to SBCSC and the County, Herndon's amended complaint adds three defendants; Indiana Department of Child Services ("DCS"), Judge James N. Fox, and McKinley Elementary School Principal Darice Austin-Philips ("the Principal"). (DE # 8.) The amended complaint no longer lists Pat Herndon in the caption as a defendant. However, plaintiff does include a brief allegation against her in the body of

her complaint. (DE # 8 at 5.) The court will begin by addressing the adequacy of plaintiff's claims against the three original defendants before moving on to the added defendants of the amended complaint.

In order for plaintiff to state a claim against SBCSC, she must meet the municipal liability standards set forth in *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978). As the court stated in its previous order, plaintiff's original complaint was "devoid of any allegations as to whether and official SBCSC policy or custom caused and was a 'moving force' in the injury she allege[d]. Furthermore, there are no allegations that this injury was caused or ratified by an SBCSC agent with final policymaking authority." (DE # 7 at 3-4.) Her amended complaint suffers the very same defects. Again she fails to allege any SBCSC policy or custom that caused the alleged injury. The only difference is that she has identified the Principal as an SBCSC employee. However, under Indiana law, it is the school board, and not the principal that has final policymaking authority. *Harless by Harless v. Darr,* 937 F. Supp 1339, 1349 (S.D. Ind. 1996) (citing *Partee v. Metro. Sch. Dist. of Washington Tp.,* 954F.2d 454 (7th Cir. 1992)); *Oliver by Hines v. McClung,* 919 F. Supp. 1206, 1216 (S.D. Ind. 1995). So here again, she has failed to state a claim against SBCSC.

Plaintiff's claims against the County also fail. The extent of her claims against the County all relate to the actions of County Probate Court Judge Fox. However, judges of Indiana's county courts are officers of the state judicial system. *Woods v. City of Michigan City, Ind.,* 940 F.2d 275, 279 (7th Cir. 1991). As such Judge Fox's actions are not

attributable to the county, and plaintiff has otherwise failed to make any allegations that give rise to liability under the *Monell* standard. Therefore her claims against the County are also dismissed.

The final original defendant is plaintiff's daughter, Pat Herndon. The court previously explained that plaintiff's original complaint failed to state a claim because it did not sufficiently allege that Pat Herndon, a private actor, was involved in a conspiracy with any state actor. (DE # 7 at 5-6.) In the amended complaint, the sole allegation as to Pat Herndon is a confusing passage that seems to allege that DCS conspired to seize plaintiff's son "on Hearsay [sic] from MRS [sic] Austin Phillips and my daughter Pat Herndon who is a grantled [sic] Child [sic] with personal family issues." (DE # 8 at 5.) Pat Herndon is not listed as a defendant in the caption, so it is unclear whether plaintiff wishes to pursue this claim. In either case, this vague and conclusory allegation fails to remedy any of the problems that the court identified in the original complaint and her claims against Pat Herndon are also dismissed.

Plaintiff's amended complaint adds Judge James N. Fox as a defendant in his individual capacity. The court has already explained that "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage,* 626 F.3d 834, 838 (7th Cir. 2011). Nevertheless, plaintiff has responded by adding the judge as a defendant and asserting that the judge and "the probate court of St. Joseph County lacked jurisdiction to litigate all matters." (DE # 8 at 5.) This is apparently based upon the wholly unsupported theory that her currently

pending civil rights action against DCS (*See Herndon v. Indiana Dept. of Child Svcs., et al.,* Case No. 3:15-cv-96) divested the state court of jurisdiction over her case concerning the termination of her parental rights. That is simply not the case, and she has failed to raise any claim that defeats the absolute judicial immunity of defendant Judge Fox.

Plaintiff's allegations against the Prinicpal are that she called DCS to detain plaintiff's son for a period of four hours and also that she called police to the school to "arrest" him "without probable cause." (DE # 8 at 4.) This happened, plaintiff alleges, despite the fact that her son was not neglected and did not show any sign of abuse. (*Id.*)

To begin with, it is necessary to clarify the party in interest for the claims presented against the Principal. While litigants in federal court have a statutory right to proceed *pro se* and Rule 17(c) allows a guardian to sue on behalf of a minor, a nonlawyer parent may not proceed *pro se* on behalf of a child under Rule 17(c). *McPhearson v. School Dist. No. 186,* 32 Fed. App'x 769, 770 (7th Cir. 2002); *Smith ex rel. Smith v. Smith,* 49 Fed. App'x 618, 620 (7th. Cir. 2002); Fed. R. Civ P. 17(c). As such, the court need not address whether the complaint states a claim that plaintiff's son was unlawfully detained and falsely arrested. Rather, the court will only address the adequacy of the claims insofar as they allege violations of plaintiff's parental rights.

Parents have a substantive due process right to care for and raise their children. *Brokaw v. Mercer Cty.,* 235 F.3d 1000, 1018 (7th Cir. 2000). However the right is not absolute: a parent's familial interest must be balanced with the state's interest in protecting children from parental abuse. *See id.* at 1019. A parent also has a procedural

4

due process right which, at minimum requires that "government officials not misrepresent the facts in order to obtain removal of a child from his parents" *Id.* at 1020.

The court accepts as true that plaintiff's son was removed from her custody. However, plaintiff's allegations do not give rise to a due process violation. Her allegations do not attribute any falsehood or misrepresentation on the part of the Principal that was instrumental in causing DCS or law enforcement to take custody of her son. At most she offers bare assertions that her son was neither neglected nor showed signs of abuse and that the parties involved acted "without probable cause." Quite simply she has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore her claims against the Principal fail as well.

Lastly, plaintiff has added DCS as a defendant in her amended complaint. Plaintiff has previously filed a case against DCS that is currently pending before the court. *See Herndon v. Indiana Dept. of Child Svcs, et al.,* Case No. 3:15-cv-96. That case, filed on March 3, 2015, involves the same events and raises the same claims as plaintiff's present case. Given that the claims, parties and available relief are generally the same in both cases, the court will exercise its discretion to dismiss these claims against DCS as duplicative of the prior suit. *Sterlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B). The motion for leave to proceed *in forma pauperis* (DE # 2) and all other

motions are **DENIED AS MOOT.**

**SO ORDERED.**

Date: July 8, 2016

   s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT